UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| LANDCO FAIR OAKS DEVELOPMENT LP, | § § § § | CASE NO. 11-31103-11 |
| DEBTORS. | § | |
| CITY NATIONAL BANK | § § § | |
| MOVANT, | § § | |
| VS. | § § | CONTESTED MATTER |
| LANDCO FAIR OAKS DEVELOPMENT, LP, | § § § | |
| RESPONDENT. | § | |

**CITY NATIONAL BANK'S MOTION TO LIFT THE AUTOMATIC STAY AGAINST LANDCO FAIR OAKS DEVELOPMENT, LP**

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MATTER ON **MAY 25, 2011** AT **10:00 A.M.** IN COURTROOM 401, 515 RUSK, HOUSTON, TEXAS 77002.

COMES NOW, City National Bank, the successor in interest to Imperial Capital Bank, ("CNB") and hereby files its Motion to Lift the Automatic Stay (the "Motion") Against Landco Fair Oaks Development, LP and would state as follows:

1. Landco Fair Oaks Development, LP (the "Debtor" or "Fair Oaks") filed for bankruptcy protection under chapter 11 of the United States Code on February 1, 2011. This is a single asset case. *See,* Docket #1. The Debtor filed its Statement of Financial Affairs and its Schedules on February 21, 2011. At the creditors meeting, the Debtor's representation produced a list of repairs which have been required by the City of Houston. Additionally, the City of Houston produced a further list of repairs.

2. The Debtor has scheduled the real property (910 Fair Oaks Rd., Houston, Texas) with a value of $500,000.00 and secured debts of $3,404,223.08. See Schedule A [Docket #24].

3. The Debtor lists City National Bank as a secured creditor for the amount of $2,143,269.74 on its Schedule D – Creditors Holding Secured Claims. *See,* Debtor's Schedule D. [Docket #1]. The Debtor also lists the City of Houston, Harris County, et. al., and L-Three Holdings, Inc. as secured creditors. The Debtor's Schedule A indicates that the Estate lacks equity in the real property. CNB also has a security interest in various insurance proceeds relating to property damage caused by Hurricane Ike and in a claim asserted by the Debtor against its insurance agent. It is believed the insurance checks aggregated $147,623.41. The value of the lawsuit is presently unknown; however, upon information and belief the Debtor is not currently pursuing the litigation. The value of the litigation is not believed to be significant.

4. As of April 26, 2011, the Debtor has not begun making monthly payments to CNB on the Note, nor has the Debtor filed a plan of reorganization. The Debtor's monthly operating report does not reflect sufficient income to justify retention of the stay. The Debtor

has been unable to obtain insurance on the Property and is dependant upon CNB's forced placed insurance (that insurance only protects CNB's interest in the building). The Debtor has been reimbursing CNB for the insurance. Accordingly, the Estate's interest and that of other creditors is wholly unprotected. Upon information and belief, the reason the Debtor cannot obtain insurance is due to the condition of the Property.

5. CNB is the owner and holder of a promissory note (dated December 7, 2006 executed by the Debtor in the original principal amount of $2,150,000.00. A copy of the Promissory Note Secured by Deed of Trust the "Note") is attached hereto as Exhibit A. The Debtor executed contemporaneously with the Note, a Deed of Trust, Fixture Filing, Assignment of Rents, and Security Agreement, (the "Deed of Trust"), securing the property located at 910 Fair Oaks Road, Houston, Texas 77023 (the "Property"), which was filed and recorded with the Harris County Clerk on December 27, 2006 under File No. 20060288805. A copy of the Deed of Trust is attached hereto as Exhibit B. CNB is the first lien holder with regards to the Property.

6. Due to numerous defaults under the Note and Deed of Trust, CNB decided to proceed foreclosure action and began the process of foreclosure by sending the Debtor a Notice of Foreclosure Sale.

7. As of January 10, 2011, the Debtor owed CNB the following:

| | |
|---|---|
| Unpaid Principal Balance: | $2,070,386.88 |
| Accrued Interest (at 18% default rate): | $ 424,014.58 |
| Escrow Balance (Force-placed Insurance): | $ 37,662.18 |
| Appraisal: | $ 5,000.00 |
| Total: | **$2,537,063.64** |

8. At the creditors meeting it became clear that the Debtor's management will not begin to make the repairs required of it by the City of Houston, unless and until Debtor's management obtains ownership of the Property unencumbered by the liens of the various creditors.

9. It also became clear at the creditors meeting that through various affiliates the Debtor has, pre-petition, paid insiders and affiliates various amounts frequently without being invoiced. In essence the Debtor's insider are jeopardizing the health and safety of the tenants as leverage to obtain a "sweetheart deal" from the lenders. It is conceivable that the City of Houston, in the exercise of its police powers, could require the closure of some or all of the buildings comprising the Property. This would have a further negative effect upon the value of the Property, and of course make reorganization impossible.

10. The Debtor admits that this bankruptcy case is a single asset real estate case. *See,* Voluntary Petition, Docket No. 1. The Debtor also admits that it lacks equity in the real property. *See,* Schedule A, Docket No. 24.

11. The Debtor has not made a loan payment to CNB and according to Schedule D – Creditors Holding Secured Claims, the Debtor owes $110,953.34 in real estate taxes. Pursuant to the Harris County Tax Office's website, the current tax amount due on the Property for the tax year 2010 is $62,425.38. The Debtor scheduled total tax due of $110,953.34, so presumably the Prior Year Amount Due on the Property is $48,527.96.

12. CNB seeks relief from the stay for (a) cause; (b) Debtor's lack of equity in the property and such property is not necessary for an effective reorganization; and (c) because the case is a single asset case and the Debtor cannot provide adequate protection pursuant to 11 U.S.C. § 362(d)(3). Section 362(d) provides as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if--

20100218.20100415/925538.1

  (A) the debtor does not have an equity in such property; and
  (B) such property is not necessary to an effective reorganization;

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—

  (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
  (B) the debtor has commenced monthly payments that--
   (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
   (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate; or

11 U.S.C. § 362(d)(1), (2) and (3).

13. Upon information and belief, the Property needs significant repairs to bring it into compliance with the City of Houston Code. CNB understands that the Debtor has known about the code violations for several months (both pre and post petition), but has not had the money or the desire to repair the Property as needed. Because of these code violations, the Debtor cannot provide adequate protection for CNB's interest in the Property and the value of the property is declining in value due to the Debtor's ongoing management (or lack thereof). Without a substantial equity infusion from the Debtor's equity security holders, there is no reasonable prospect for a successful reorganization within a reasonable time. This is particularly true in this case, as Congress has mandated that a reasonable time in a single asset real estate case is 90 days. 11 U.S.C. § 362(d)(3). Furthermore, in violation of its fiduciary duty to creditors, the

Debtor and its management have failed to prosecute the litigation it has against its insurance agent.

14. This is a single asset real estate case. The Debtor's budget will not support the adequate protection as required by Section 362(d)(3). Furthermore, it is clear that the budget will not allow the Debtor to make the required repairs. A successful plan of reorganization in this case is highly improbable due to the numerous code violations, the health and safety issues raised by the City of Houston, insufficient cash flow, and the Debtor lacks equity in the Property. The Debtor has not made any interest payments to CNB, nor has the Debtor filed or otherwise proposed a plan of reorganization.

WHEREFORE, PREMISES CONSIDERED, City National Bank requests that the Court grant its Motion to Lift the Automatic Stay against Landco Fair Oaks Development, LP and that CNB be allowed to pursue its state law remedies with regards to its collateral and that CNB have such other and further relief as is just.

Respectfully submitted this 26th day of April, 2011.

HIRSCH & WESTHEIMER, P.C.

By: /s/ Michael J. Durrschmidt
    Michael J. Durrschmidt
    Admissions No. 4720
    State Bar No. 06287650
    Bank of America Center
    700 Louisiana, 25th Floor
    Houston, TX 77002
    Telephone: (713) 220-9165
    Telecopier: (713) 223-9319

ATTORNEYS FOR CITY NATIONAL BANK

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April, 2011, a copy of the foregoing Motion to Lift Automatic Stay was served via first class mail, postage prepaid, and/or by the Clerk of the Court via the ECF system to the parties on the attached service list.

/s/ Michael J. Durrschmidt
Michael J. Durrschmidt

## CERTIFICATE OF CONFERENCE

On April 26, 2011 the undersigned discussed the filing of this Motion to Lift the Automatic Stay with Mr. Jeff Carruth, Debtor's counsel, and he is opposed to the relief requested.

/s/ Michael J. Durrschmidt
Michael J. Durrschmidt

20100218.20100415/925538.1